[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The defendants move to strike the seventh, eighth and ninth counts of the plaintiff's third amended complaint, which attempt to replead struck claims under the Connecticut Unfair Trade Practices Act (CUTPA) General Statute § 42-110a et seq, as well as the third prayer for relief, on the ground that the exclusivity provision of the Connecticut Products Liability Act (CPLA), bars a separate claim based on a violation of CUTPA.
In its February 19, 1998 ruling, this court struck the plaintiff's prior CUTPA claims alleged in her second amended complaint because the CPLA is specific and clear that the plaintiff's marketing claims under CUTPA fall within the definition of a "product liability claim," thus constituting the plaintiff's exclusive remedy. General Statutes § 52-572n (a) provides: "A product liability claim . . . may be asserted andshall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." (Emphasis added.) Section 52-572m
(b) defines a "product liability claim" as a claim or action "brought for personal injury, death or property damages caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labelling of any product."
The seventh, eighth and ninth counts of the third amended complaint allege unfair trade practices by the defendants concerning advertising, marketing and selling of the jogging tights. Any argument that the plaintiff's allegations in her CUTPA claims are in no way connected with "marketing" as used in the CPLA is unavailing. Indeed, "marketing" is "an aggregate of functions involved in moving goods from producer to consumer." Merriam-Webster's Collegiate Dictionary (9th Ed. 1987). If advertising, that process by which the manufactured product is brought to the public attention of a wholesaler or ultimate consumer through some print or broadcast media, is not marketing, then nothing is. Where a statute's terms are plain and CT Page 5273 unambiguous, courts of law are bound to so interpret it, giving its words their plain and ordinary meaning, and interpreting it as written. See Oller v. Oller-Chiang, 230 Conn. 828, 848,646 A.2d 822 (1994); Harris Data Communications, Inc. v. Heffernan,183 Conn. 194, 198, 438 A.2d 1178 (1981).
The defendants' motions to strike counts seven, eight and nine are granted.
FLYNN, J.